991 P.2d 1123 (2000)
139 Wash.2d 751
In re the Personal Restraint Petition of Lincoln Lane ADDLEMAN.
No. 67658-5.
Supreme Court of Washington, En Banc.
Argued October 14, 1999.
Decided January 20, 2000.
Lincoln Lane Addleman, Monroe, pro se.
Suzanne Lee Elliott, Seattle, for petitioner.
Christine Gregoire, Atty. Gen., Donna Mullen, Asst., John Blonien, Asst., Olympia, for respondent.
JOHNSON, J.
Addleman challenges the decision of the Indeterminate Sentencing Review Board (ISRB) denying him parole. The record before the ISRB referred to his active history of filing litigation and grievances against many defendants, including prison officials. The question presented is whether Addleman's *1124 constitutionally protected rights were violated when that history was considered by the ISRB when it denied him parole. We find Addleman's rights were violated and remand this matter to the ISRB for a new hearing consistent with this decision.

FACTS
In 1979, Addleman pleaded guilty to statutory rape in the first degree and was sentenced to a maximum term of life in prison. The Board of Prison Terms and Paroles set his minimum term at 15 years. In 1986, the Board of Prison Terms and Paroles was replaced by the ISRB. RCW 9.95.001. The ISRB has continued to deny parole and to extend Addleman's minimum sentence; Addleman has been denied parole and given a new minimum sentence five separate times. In the 1997 hearing at issue here, the ISRB was provided with a treatment summary from the Sex Offender Treatment Program, which stated in part:
File review indicates that while Mr. Addleman was honing his legal skills, he also used them to leverage personal and class-action motions in the form of grievances and lawsuits against the State of Washington and the Washington State Department of Social and Health Services and later, the Department of Corrections and the Sex Offender Treatment Program.... In summary, Mr. Addleman has used his intellectual, legal, and compositional skills to gain personal or legal advantage while incarcerated....
Treatment Summ. at 7 (Supplemental Br. of ISRB, app. 11).
The ISRB had detailed information about the numerous personal grievance actions and litigation Addleman has filed. For example, Addleman's counselor summarized Addleman's criminal and institutional history, saying in part:
Mr. Addleman has developed a significant relationship in regards to using "the power of the pen" in order to keep from being controlled by the Department of Corrections. He has continued to file grievance after grievance which is his right, however, it is noted that he has not filed a grievance for approximately 13 months, which is significant in his case.
Department of Corrections Classification Referral at 4 (Supplemental Br. of ISRB, app. 10).
In 1997, after being denied parole and given a new minimum sentence, Addleman filed a personal restraint petition in the Court of Appeals. It was denied. Addleman sought review of that decision in this court. We granted review on the limited issue of whether the ISRB improperly considered Addleman's litigation and grievances activities when finding him unfit for parole.

ANALYSIS
To prevail on a personal restraint petition, the petitioner must show he or she has been restrained by a court decision, RAP 16.4(b), and the restraint is unlawful under the provisions of RAP 16.4(c). Addleman has been restrained; he is incarcerated. He must show the denial of parole and extension of his minimum sentence was "imposed or entered in violation of the Constitution of the United States or the Constitution or laws of the State of Washington." RAP 16.4(c)(2).
The ISRB must comply with the federal constitution.[1] The right of access to the courts is rooted in the petition clause of the First Amendment to the United States Constitution. See California Motor Transp. Co. v. Trucking Unlimited, 404 U.S. 508, 513, 92 S.Ct. 609, 30 L.Ed.2d 642 (1972). We are asked to decide whether that right has been impaired by the ISRB's consideration of Addleman's litigiousness.
Clearly, the ISRB may not retaliate against a prisoner to punish an exercise of constitutional rights. Farr v. Blodgett, 810 F.Supp. 1485 (E.D.Wash.1993); see also *1125 Crawford-El v. Britton, 523 U.S. 574, 588 n. 10, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998) ("The reason why such retaliation offends the Constitution is that it threatens to inhibit exercise of the protected right. Retaliation is thus akin to an `unconstitutional condition' demanded for the receipt of a government-provided benefit." (citation omitted)). In a case specifically involving prisoner litigation, the Sixth Circuit has established a test for determining retaliation: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken; and (3) there is at least a partial causal relation between the protected conduct and the action. Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir.1999). We find this approach appropriate to apply here and adopt it in this situation.
"That inmates have a well-established constitutional right to access the courts, based in part on the First Amendment, is clear." Thaddeus-X, 175 F.3d at 391. The denial of parole is clearly an adverse action. If an inmate is denied parole and that denial is caused by an attempt to access the courts, a prima facie case of retaliation has been made. Since the ISRB had access to information about Addleman's litigation and grievance activities, it at least appears the decision to deny parole was based partially on that knowledge and meets the test for retaliation.
The only serious dispute left is whether a partial causal connection between the protected activity and the adverse action exists. The ISRB argues the denial of parole was not caused by the exercise of constitutional rights; rather, it argues Addleman was denied parole because he was not rehabilitated. See RCW 9.95.052; see also Supplemental Br. of ISRB at 7 and app. 14 (listing reasons for finding Addleman not a fit subject for release). The ISRB notes Addleman's litigiousness was only part of the evidence of his lack of rehabilitation. In essence, the ISRB argues there is no causal connection between the exercise of rights and the denial of parole.
We find this argument unpersuasive. The appearance that Addleman was denied parole due to his attempts to access the judicial system is itself troubling. The courts are wary of allowing state action that chills First Amendment activities. See, e.g., Richmond v. Thompson, 130 Wash.2d 368, 376-77, 922 P.2d 1343 (1996) (noting that some false statements are protected so not to chill protected speech); see also Elrod v. Burns, 427 U.S. 347, 356, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976) (forbidding political patronage as not to chill the right to associate); New York Times Co. v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686, 95 A.L.R.2d 1412 (1964) (requiring a higher standard for libel in matters of public concern as not to chill news reporting).
We do not require that the adverse action was caused solely by the ISRB's response to Addleman's protected conduct. A partial causal connection is all that is required. Addleman has established a partial causal connection by demonstrating that the ISRB knew of his litigation activities. We hold the ISRB may not retaliate for the exercise of a constitutionally protected right. We, therefore, remand this matter for a new hearing before the ISRB without consideration of constitutionally protected activities.
The ISRB also argues that Addleman has not shown actual prejudice and, therefore, the court should not have accepted review of his personal restraint petition.[2] If "actual prejudice" means Addleman must show but for an error or violation of a right a different result would have occurred, the ISRB is correct. However, Addleman and those like him could never meet this burden in this type of case; they do not have access to the necessary evidence. The practical result would be to place the ISRB's decision beyond review. This is not acceptable under our jurisprudence.
It may be that even without the tainted record, the ISRB will continue to deny parole to Addleman. The ISRB seems to argue the same decision will be made and, therefore, there is no injury. However, we are concerned a future prisoner will be denied parole solely because of an exercise of constitutionally protected rights. If this court denies *1126 any relief because Addleman has not shown actual injury, it would be impossible to show harm, even if clearly present. Under the Sentencing Reform Act of 1981(SRA), the ISRB has access to any information it finds useful. RCW 9.95.052. However, the SRA is subject to constitutional limitations. The ISRB must respect the right of access to the courts when making parole decisions.[3]
We find Addleman's right of access was impermissibly chilled. Accordingly, we vacate the ISRB decision of January 31, 1997, and remand for a new hearing, with all reference to Addleman's litigation and grievance activities stricken from the record.
GUY, C.J., SMITH, MADSEN, ALEXANDER, TALMADGE, SANDERS, IRELAND, JJ., and WINSOR, J.P.T., concur.
NOTES
[1] While Addleman's brief mentions article I, sections 3 and 5 of the Washington State Constitution, he has not briefed whether the analysis under the state constitution would be any different than analysis under the federal constitution, and no Gunwall analysis was done. See State v. Gunwall, 106 Wash.2d 54, 720 P.2d 808, 76 A.L.R.4th 517 (1986). This case does not provide a vehicle to analyze whether the state constitution provides greater protection. See, e.g., World Wide Video, Inc. v. City of Tukwila, 117 Wash.2d 382, 390, 816 P.2d 18 (1991).
[2] More precisely, the ISRB asserts Addleman must show "actual and substantial" prejudice. Supplemental Br. of ISRB at 8. However, "actual" prejudice is required only. In re Personal Restraint of Cook, 114 Wash.2d 802, 813, 792 P.2d 506 (1990).
[3] Under our decision today, this right of access is protected by a presumption that the ISRB not consider a prisoner's litigation activity. However, this case does not involve a suggestion that the litigation was used solely to harass or threaten anyone, such as the inmate's victim. We need not decide now whether such litigation could be considered in the parole decision.